IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JIBREEL FRAZIER,<br>    Plaintiff, | :<br>:<br>: |
| v. | :   CIVIL ACTION NO. 24-CV-4711 |
| | : |
| EQUIFAX INFORMATION<br>SERVICES,<br>    Defendant. | :<br>:<br>: |

**MEMORANDUM**

**SURRICK, J.**                                                                                               **OCTOBER 1, 2024**

Plaintiff Jibreel Frazier initiated this civil action by filing a *pro se* Complaint raising claims under the Fair Credit Reporting Act, 15 U.S.C. §§ 1681-1681x ("FCRA"). He also seeks leave to proceed *in forma pauperis*. For the following reasons, the Court will grant Frazier *in forma pauperis* status and dismiss the Complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). Frazier will be given an opportunity to file an amended complaint in the event he can cure the deficiencies identified by the Court.

**I.    FACTUAL ALLEGATIONS**[1]

Frazier claims that he noticed multiple inaccuracies and incomplete information upon

---

[1] Frazier is a frequent litigant in this Court. *See, e.g., Frazier v. Equifax Information* Services, Civ. A. No. 24-2247 (E.D. Pa.); *Frazier v. Experian Information Solutions*, Civ. A. No. 24-2242 (E.D. Pa.); Frazier *v. Early Warning Services, LLC*, Civ. A. No. 24-1930 (E.D. Pa.); *Frazier v. Transunion LLC*, Civ. A. No. 24-0264 (E.D. Pa.); *Frazier v. Transunion LLC*, Civ. A. No. 23-4703 (E.D. Pa.); *Frazier v. Transunion, LLC*, Civ. A. No. 23-4453 (E.D. Pa.); *Frazier v. Equifax Information Services*, Civ. A. No. 23-4157; *Frazier v. Synovus Financial Corp.*, Civ. A. No. 23-3698 (E.D. Pa.); *Frazier v. TransUnion*, Civ. A. No. 23-3637 (E.D. Pa.); *Frazier v. Synovus Financial Corp.*, Civ. A. No. 23-3444 (E.D. Pa.); *Frazier v. Connexus Credit Union*, Civ. A. No. 23-2083 (E.D. Pa.); *Frazier v. Experian Information Solutions*, Civ. A. No. 23-1097 (E.D. Pa.); *Frazier v. Transunion*, Civ. A. No. 23-0627 (E.D. Pa.); *Frazier v. Trans Union*, Civ. A. No. 22-2896 (E.D. Pa.); *Frazier v. Experian Information Solutions*, Civ. A. No. 22-2887 (E.D. Pa.); *Frazier v. Experian PLC*, Civ. A. No. 22-1430 (E.D. Pa.); *Frazier v. Capital One Auto Finance*, Civ. A. No. 21-5301 (E.D. Pa.); *Frazier v. Capital One*, Civ. A. No. 21-4397 (E.D. Pa.).

review of his Equifax Information Services ("Equifax") consumer report. (Compl. at 3, 7.)² He avers that he sent Equifax a dispute about inaccurate and incomplete information concerning a Verizon Wireless account and a Kickoff Lending account, that Equifax received his dispute on or about August 6, 2024, and that as of September 5, 2024, when he initiated this civil action, Equifax had failed to respond to the dispute, and either update or delete the disputed accounts as required by the FCRA. (*Id.*)

With respect to the Verizon Wireless account, Frazier alleges that as of September 5, 2024, Equifax was reporting "incomplete and inaccurate information" in the "activity designator, terms frequency, term duration, purchased from, sold to" sections of his consumer report. (*Id.* at 8, citing Exh. B.) He also alleges that there is inaccurate and incomplete information in the "payment section, specifically regarding the date of last payment, scheduled payment amount, actual payment amount, charge-off amount, and deferred payment start date." (*Id.*, citing Exh. C.) Frazier further claims that there is incomplete and inaccurate information in the "historical payment section, including monthly balance, available credit, scheduled payment, date of last payment, high credit, credit limit, amount past due, activity designator, and comments." (*Id.*, citing Exh. D.) Frazier alleges that the historical payment section should reflect data from the past two years, but Equifax failed to update it. (*Id.*)

Regarding the Kickoff Lending account, Frazier alleges that as of September 5, 2024, Equifax was reporting incomplete and inaccurate details in the account section, including "term duration, origin, sale details, credit classification, and creditor classification." (*Id.* at 9, citing Exh. E.) He also contends that Equifax is reporting incomplete and inaccurate information in the

---

² Frazier submitted a form complaint, along with an additional document titled "Complaint," as well as several exhibits. The Court will consider these documents together as Frazier's Complaint. (*See* ECF No. 2 at 1-16; ECF No. 2-1 at 1-17.) The Court adopts the sequential pagination supplied by the CM/ECF docketing system.

payment section in that they "reported a sixty-day late payment for April 2024, while showing an on-time payment for March 2024." (*Id.*)  He avers this is inaccurate and misleading because he was not sixty days late on the account. (*Id.*)  He further claims that Equifax is reporting incomplete and inaccurate information regarding "scheduled payment, deferred payment start date, charge-off amount, and past due amount." (*Id.*, citing Exh. F.)  In addition, Frazier asserts that incomplete and inaccurate information is being reported in the historical payment section as of September 5, 2024, including "monthly balance, available credit, schedule payment, date of last payment, high credit, credit limit, amount past due, activity designator, and comments." (*Id.*, citing Exh. G.)  Frazier claims that as of September 5, 2024, Equifax has not removed the disputed accounts, nor made any effort to properly investigate his dispute and update the account information.  (*Id.* at 10.)[3]

    Frazier asserts that his "creditworthiness is negatively impacted because his credit report is materially misleading and being interpreted incorrectly." (*Id.*)  Specifically, he claims that his "credit report was disseminated multiple times, resulting in Plaintiff being denied credit by Digital Federal Credit Union [on] April 29, 2024 and D&M Leasing [on] January 22, 2024." (*Id.* at 11.)  According to Frazier, he "has been forced to deal with aggravation, emotional distress, mental anguish, loss of credit, humiliation, and embarrassment as a result of Defendant[']s action and inactions." (*Id.*)  He further avers that Equifax acted in a willful manner. (*Id.*)  As relief, Frazier seeks damages and the deletion of the disputed accounts. (*Id.* at 4, 15.)

---

[3] As stated *supra*, Frazier presently alleges that Equifax failed to investigate his dispute. Confusingly, Frazier also presents several allegations regarding the thoroughness of Equifax's investigation. (*See* Compl. at 10, ¶¶ 21, 22, 23.)  These allegations appear to be inapposite to the case at bar.  It appears that Frazier failed to remove allegations that pertain to one of the many complaints he previously filed in this District.

## II.  STANDARD OF REVIEW

Because Frazier appears to be incapable of paying the filing fees to commence this action, the Court will grant him leave to proceed *in forma pauperis*.  Accordingly, 28 U.S.C. § 1915(e)(2)(B)(ii) requires the Court to dismiss the Complaint if it fails to state a claim.  Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted); *Talley v. Wetzel*, 15 F.4th 275, 286 n.7 (3d Cir. 2021).  At this early stage of the litigation, the Court will accept the facts alleged in the *pro se* complaint as true, draw all reasonable inferences in the plaintiff's favor, and ask only whether that complaint, contains facts sufficient to state a plausible claim.  *See Shorter v. United States*, 12 F.4th 366, 374 (3d Cir. 2021), *abrogation on other grounds recognized by Fisher v. Hollingsworth*, ___ F.4th ___, 2024 WL 3820969 (3d Cir. Aug. 15, 2024).  Conclusory allegations do not suffice.  *Iqbal*, 556 U.S. at 678.

The Court construes the allegations of a *pro se* complaint liberally.  *Vogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021).  "This means we remain flexible, especially 'when dealing with imprisoned pro se litigants[.]'" *Id.* (quoting *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244 (3d Cir. 2013)).  However, "'pro se litigants still must allege sufficient facts in their complaints to support a claim.'" *Id.* (quoting *Mala*, 704 F.3d at 245).  An unrepresented litigant "cannot flout procedural rules — they must abide by the same rules that apply to all other litigants." *Id.*; *see also Doe v. Allegheny Cnty. Hous. Auth.*, No. 23-1105, 2024 WL 379959, at *3 (3d Cir. Feb. 1, 2024) ("While a court must liberally construe the allegations and 'apply the applicable law, irrespective of whether the pro se litigant mentioned it be name,' *Higgins v. Beyer*, 293 F.3d 683,

4

688 (3d Cir. 2002), this does not require the court to act as an advocate to identify any possible claim that the facts alleged could potentially support.").

In addition, the Court must dismiss any claims over which it lacks subject matter jurisdiction. Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."); *Grp. Against Smog and Pollution, Inc. v. Shenango, Inc.*, 810 F.3d 116, 122 n.6 (3d Cir. 2016) (explaining that "an objection to subject matter jurisdiction may be raised at any time [and] a court may raise jurisdictional issues *sua sponte*").

## III.  DISCUSSION

The FCRA was enacted "to ensure fair and accurate credit reporting, promote efficiency in the banking system, and protect consumer privacy." *Safeco Ins. Co. of Am. v. Burr*, 551 U.S. 47, 52 (2007); *see also SimmsParris v. Countrywide Fin. Corp.*, 652 F.3d 355, 357 (3d Cir. 2011) (noting that the FCRA is intended "to protect consumers from the transmission of inaccurate information about them, and to establish credit reporting practices that utilize accurate, relevant and current information in a confidential and responsible manner" (quoting *Cortez v. Trans Union, LLC*, 617 F.3d 688, 706 (3d Cir. 2010))). In the language of the FCRA, consumer reporting agencies "collect consumer credit data from 'furnishers,' such as banks and other lenders, and organize that material into individualized credit reports, which are used by commercial entities to assess[, *inter alia*,] a particular consumer's creditworthiness." *Seamans v. Temple Univ.*, 744 F.3d 853, 860 (3d Cir. 2014).[4]

Consumer reporting agencies are required to "follow reasonable procedures to assure

---

[4] The FCRA provides for civil liability for noncompliance due to willfulness and negligence. *See* 15 U.S.C. § 1681n (creating civil liability for willful noncompliance with any portion of the Act); *id.* § 1681o (creating civil liability for negligent noncompliance with any portion of the Act). A willful violation of the FCRA requires the additional showing that the defendant acted knowingly or with reckless disregard of the statute's terms. *Seamans*, 744 F.3d at 868 (3d Cir. 2014).

5

maximum possible accuracy of the information concerning the individual about whom the report relates." 15 U.S.C. § 1681e(b).  To state a claim under this section, a plaintiff must plead the following elements: (1) inaccurate information was included in a credit report; (2) the inaccuracy was due to the consumer reporting agency's failure to follow reasonable procedures to assure maximum possible accuracy; (3) the consumer suffered an injury; and (4) that injury was caused by the inclusion of the inaccurate entry.  *Cortez*, 617 F.3d at 708 (citing *Philbin v. Trans Union Corp.*, 101 F.3d 957, 963 (3d Cir. 1996)).

        The FCRA also "confers on a consumer a right to have the negative information on his or her credit report investigated for accuracy." *Klotz v. Trans Union, LLC*, 246 F.R.D. 208, 211 (E.D. Pa. 2007).  In that regard, if a consumer disputes the completeness or accuracy of information contained in her file, the credit reporting agency must "conduct a reasonable reinvestigation to determine whether the disputed information is inaccurate."  15 U.S.C. § 1681i(a)(1)(A).  To establish that a consumer reporting agency is liable for failing to reinvestigate a dispute under the FCRA, the consumer must establish that the consumer reporting agency had a duty to do so, and that it would have discovered a discrepancy had it undertaken a reasonable investigation.  *Cortez*, 617 F.3d at 713 (citing *Cushman v. Trans Union Corp.*, 115 F.3d 220, 226 (3d Cir. 1997)).  A consumer reporting agency "may terminate a reinvestigation of information disputed by a consumer . . . if the agency reasonably determines that the dispute by the consumer is frivolous or irrelevant, including by reason of a failure by a consumer to provide sufficient information to investigate the disputed information."  15 U.S.C. § 1681i(a)(3)(A).

        To proceed under either § 1681e(b) or § 1681i(a), a plaintiff must allege that the reported information was in fact inaccurate.  *Bibbs v. Trans Union LLC*, 43 F.4th 331, 342-43 (3d Cir. 2022); *see also Angino v. Trans Union LLC*, 784 F. App'x 67, 69 (3d Cir. 2019) ("To prevail under [a § 1681e(b) claim or a § 1681i(a) claim], the . . . [plaintiffs] must show that their credit

report contains inaccurate information."). A court "does not need to reach or consider the reasonableness of a credit reporting agency's procedures under 15 U.S.C. § 1681e or the reasonableness of a credit reporting agency's reinvestigation under § 1681i unless the information contained in the report is inaccurate." *Holland v. Trans Union LLC*, 574 F. Supp. 3d 292, 297-98 (E.D. Pa. 2021). A consumer report is inaccurate "when it is patently incorrect or when it is misleading in such a way and to such an extent that it can be expected to have an adverse effect." *Schweitzer v. Equifax Info. Sols. LLC*, 441 F. App'x 896, 902 (3d Cir. 2011) (*per curiam*) (cleaned up); *see also Gorman v. Wolpoff & Abramson, LLP*, 584 F.3d 1147, 1163 (9th Cir. 2009); *Dalton v. Capital Associated Indus., Inc.*, 257 F.3d 409, 415 (4th Cir. 2001); *Shimon v. Equifax Info. Servs. LLC*, 431 F. Supp. 3d 115, 120 (E.D.N.Y. 2020), *aff'd*, 994 F.3d 88 (2d Cir. 2021). "[I]nformation that is technically accurate but materially misleading is sufficient to trigger § 1681i(a), just as it is for § 1681e(b)." *Bibbs*, 43 F.4th at 345 (citing *Shaw v. Experian Info. Sols., Inc.*, 891 F.3d 749, 756 (9th Cir. 2018)). A court must apply a reasonable reader standard to determine the accuracy of an entry in a report, and consider whether the entry, read in the context of the report in its entirety, is inaccurate or ambiguous. *Id.* at 342.[5]

Frazier presents several claims based on the alleged failures of Equifax to fulfill its responsibilities under § 1681e(b) and § 1681i(a) of the FCRA. (*See* Compl. at 11-15.)[6] The

---

[5] The Third Circuit further explained the "reasonable reader" standard as follows: "[I]n the context of the FCRA, the reasonable reader standard does not exclude unsophisticated creditors. Rather, a plain reading of the statute's text makes it clear that any person (or their assignee) who regularly extends, renews, or continues credit is a creditor. Therefore, the reasonable reader standard runs the gamut to include sophisticated entities like banks and less sophisticated individuals such as local landlords." *Bibbs*, 43 F.4th at 342.

[6] Specifically, Frazier contends that Equifax: failed to follow reasonable procedures to assure maximum possible accuracy of credit reports it prepared concerning Frazier, in violation of § 1681e(b); failed to conduct a reasonable reinvestigation to determine whether the disputed information is inaccurate and record the status of the disputed information or to delete the item from Frazier's credit files, in violation of § 1681i(a)(1); failed to comply with the reinvestigation requirements of § 1681i(a)(2)(A) by "failing to provide third parties Verizon Wireless and Kickoff Lending with all relevant information regarding" his disputes; failed to review and consider all relevant information submitted by Frazier in

Court, therefore, first must consider whether Frazier plausibly alleged that his consumer report contained inaccurate information. Frazier's Complaint fails to sufficiently address this threshold question.

Frazier asserts that as of September 5, 2024, his Equifax consumer report contains incomplete and inaccurate information concerning a Verizon Wireless account. (*Id.* at 8.) He alleges that numerous sections including "activity designator, terms frequency, term duration, purchased from, sold to," "payment section, specifically regarding the date of last payment, scheduled payment amount, actual payment amount, charge-off amount, and deferred payment start date," and "historical payment section, including monthly balance, available credit, scheduled payment, date of last payment, high credit, credit limit, amount past due, activity designator, and comments." (*Id.,* citing Exhs. B, C, D.) Frazier presents similar allegations regarding the Kickoff Lending account. (*See id.* at 9-10, citing Exhs. E, F, G (claiming that Equifax reported incomplete and inaccurate information in the following fields: "term duration, origin, sale details, credit classification, and creditor classification," "scheduled payment, deferred payment start date, charge-off amount, and past due amount," and "monthly balance, available credit, schedule payment, date of last payment, high credit, credit limit, amount past due, activity designator, and comments.").)

These general allegations lack facts to support his assertions that the consumer report contains inaccurate or incomplete information. As noted above, and as the Court has explained in numerous prior civil actions presented by Frazier, to proceed under either § 1681e(b) or § 1681i(a), a plaintiff must allege that the reported information was in fact inaccurate. *Bibbs*, 43 F.4th at 342-43; *Angino*, 784 F. App'x at 69. Here, Frazier's Complaint merely consists of

---

violation of § 1681i(a)(4); violated § 1681i(a)(5)(A) by failing to promptly delete or modify the disputed items of information; and violated § 1681i(a) by failing to respond to Frazier's dispute within "the required timeframe." (Compl. at 11-15.)

8

descriptions and explanations of the various fields on a consumer report. (*See* Compl. at 8-11.) Frazier has not clearly set forth facts describing what inaccurate or incomplete information was included in his consumer report, nor has he alleged sufficient facts about how the information was inaccurate or incomplete, or what information the consumer report should have included.

In *Williams v. Experian Information Solutions, Inc.*, 2024 WL 3439776, at *1 (3d Cir. July 17, 2024) (*per curiam*), the United States Court of Appeals for the Third Circuit affirmed the dismissal of a plaintiff's FCRA claims that consisted "almost entirely of conclusory allegations" of "inaccurate" information. The court found that the plaintiff failed to "allege how or why . . . [the information at issue] was inaccurate or how Experian should have reported it. Without any allegations in that regard, his complaint does not permit the reasonable inference that his credit report was inaccurate, let alone that Experian was liable for that inaccuracy." *Id.* The court pointed out, as an example, that the plaintiff "did not specify whether the . . . account information was inaccurate because he did not really have a balance on the account, because he had not really made a late payment, or because the account was not really his." *Id.* at *1 n.2. In the case at bar, Frazier's Complaint is undeveloped and similarly lacks factual support. The Complaint does not sufficiently allege how the information is inaccurate and does not permit the reasonable inference that the information contained in Frazier's Equifax consumer report pertaining to the Verizon Wireless and Kickoff Lending accounts is "patently incorrect" or "misleading in such a way and to such an extent that it can be expected to have an adverse effect."

This is so even for the lone specific inaccuracy alleged in the Complaint. Regarding the payment section of the Kickoff Lending account, Frazier contends that Equifax "reported a sixty-day late payment for April 2024, while showing an on-time payment for March 2024" and that he was not sixty days late on the account. (Compl. at 9.) However, Frazier does not allege what

9

information the consumer report should show. That is, Frazier does not make clear whether he was not late on the account at all, or whether he was late, but not sixty days late, or something else. Furthermore, as noted above, when applying the Third Circuit's "reasonable reader" standard in determining how a recipient would comprehend a particular entry on a consumer report for purposes of a § 1681e(b) or § 1681i(a) claim, the court "must make such a determination by reading the entry not in isolation, but rather by reading the report in its entirety." *Bibbs*, 43 F.4th at 342. Only if "an entry is inaccurate or ambiguous when read both in isolation and in the entirety of the report" can the entry be deemed inaccurate under § 1681e(b). *Id.* Frazier has not alleged sufficient facts concerning how the entry at issue was inaccurate or how it should have been reported, much less how this entry is misleading in such a way and to such an extent that it can be expected to have an adverse effect.[7]

    Even under a liberal construction of the Complaint, Frazier has failed to allege sufficient facts to support a plausible inference of a claim under § 1681e(b) or § 1681i(a), so his claims will be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). *See Cook v. TransUnion*, No. 23-1146, 2024 WL 128204, at *2 (E.D. Pa. Jan. 11, 2024) (dismissing FCRA claims where the plaintiff failed to allege sufficient facts regarding the inaccurate information); *Shastri v. Experian Info. Sols., Inc.*, No. 21-10085, 2021 WL 2896001, at *2 (D.N.J. July 9, 2021) (granting Experian's motion to dismiss because "despite vague references to 'inaccurate information of Bankruptcy'" plaintiff never clearly disputed the accuracy of the information included on the credit report); *Covington v. Equifax Info. Servs., Inc.*, No. 21-815640, 2020 WL 1921954, at *6 (D.N.J. Apr. 20, 2020) (finding that permitting proposed amended complaint

---

[7] The Court will not speculate as to Frazier's claims based on the exhibits he attached to the Complaint. *See Berkery v. Credit Collection Servs.*, No. 21-3809, 2021 WL 4060454, at *2 (E.D. Pa. Sept. 7, 2021) ("While a court may consider exhibits attached to a complaint, merely attaching exhibits is insufficient to meet the requirement that a complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face.").

would be futile where plaintiff failed to state factually how, why or in what manner any information plaintiff disputed was inaccurate); *Regina the First for Guyton v. Equifax Info. Servs., LLC*, No. 18-2534, 2018 WL 3122328, at *2 (E.D. Pa. June 26, 2018) (dismissing complaint for failure to set forth facts regarding what inaccurate information was included in credit report).

Furthermore, while Frazier cites to various sections of the FCRA and alleges that Equifax failed to comply with the statutory requirements of § 1681e(b) and § 1681i(a), his allegations concerning Equifax's actions, or lack thereof, are conclusory. *See* Compl. at 12-15; *see also Iqbal*, 556 U.S. at 678 ("A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'"); *Schiano v. HomEq Servicing Corp. & HomEq Servicing*, 832 F. App'x 116, 120 (3d Cir. 2020) (allegations that defendant failed to "'fully and properly investigate' the matter" were conclusory and did not state a claim); *Anyaegbunam v. ARS Acct. Resol., LLC*, No. 21-13409, 2022 WL 1558474, at *3 (D.N.J. May 17, 2022) (dismissing complaint that merely set forth threadbare allegations and a formulaic recitation of the statutory elements of plaintiff's FCRA claims).

There are other problems with Frazier's Complaint as pled. Article III of the Constitution limits the power of the federal judiciary to the resolution of cases and controversies, and this "requirement is satisfied only where a plaintiff has standing." *Sprint Commc'ns Co., L.P. v. APCC Servs., Inc.*, 554 U.S. 269, 273 (2008). To have standing to bring a claim in federal court, a plaintiff must show: (1) that he suffered an injury in fact, (2) a causal connection between the injury and the challenged conduct of the defendant, and (3) that the injury is likely to be redressed by a favorable judicial decision. *See Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992). An injury in fact is "an invasion of a legally protected interest which is (a) concrete and particularized; and (b) actual or imminent, not conjectural or hypothetical." *Id.* at

11

560.  "'For an injury to be 'particularized,' it 'must affect the plaintiff in a personal and individual way.'" *Spokeo, Inc. v. Robins*, 578 U.S. 330, 339 (2016) (quoting *Lujan*, 504 U.S. at 560 n.1.).

In *TransUnion LLC v. Ramierz*, 594 U.S. 413, 425 (2021), the Supreme Court focused on the "concreteness" prong of the standing analysis.  The Court expressly rejected the notion that "a plaintiff automatically satisfies the injury in fact requirement whenever a statute grants a person a statutory right and purports to authorize that person to sue to vindicate that right." *Id.* at 426 (quoting *Spokeo*, 578 U.S. at 341).  Instead, a plaintiff must allege a concrete injury separate and apart from an injury under the law. *Id.* (explaining that "an injury in law is not an injury in fact").  "Where a plaintiff merely alleges a 'bare procedural violation, divorced from any concrete harm,' the injury-in-fact requirement of Article III is not satisfied." *Perez v. I.C. System, Inc.*, No. 21-14883, 2022 WL 17991143, at *3 (D.N.J. Dec. 29, 2022) (quoting *Spokeo*, 578 U.S. at 341).

It is not clear from his Complaint as pled that Frazier has standing to bring these claims.  The party who invokes federal jurisdiction bears the burden of establishing standing.  *Spokeo*, 578 U.S. at 339.  To satisfy the standing requirement, Frazier must sufficiently tie his alleged injuries to the conduct of Equifax, because a bare procedural violation does not provide the relief Frazier seeks.[8]

---

[8] In addition, Frazier's allegation that Equifax violated § 1681i(a) because he had not received a response from Equifax by September 5, 2024, is not plausible as pled. (*See* Compl. at 3, 14.)  Frazier contends that the FCRA mandates that a consumer reporting agency respond to a dispute within thirty days. (*See id.* at 3, "Equifax received Plaintiff's dispute on or about August 6, 2024, however after thirty days which is the timeframe given in the FCRA, Equifax has failed to respond to Plaintiff disputes, update the disputed accounts or delete the disputed accounts."; *see also id.* at 14, "Equifax repeatedly breached 15 U.S.C. § 1681i(a) by not responding to the Plaintiff's disputes within the required timeframe.")  Section 1681i(a)(1)(A) sets forth the timeframe during which a consumer reporting agency must conduct a reinvestigation if requested by a consumer.  If he chooses to file an amended complaint, Frazier should note that § 1681i(a)(6) provides the response time for the results of the reinvestigation.  Section 1681i(a)(6) provides that a consumer reporting agency must provide written notice to a consumer of the results of a reinvestigation under § 1681i "not later than 5 business days after the completion of the

## IV.   CONCLUSION

For the foregoing reasons, the Court will dismiss Frazier's Complaint without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim.  Frazier will be given leave to file an amended complaint if he can state a plausible basis for a claim against Equifax.  If Frazier chooses to file an amended complaint, he must provide more facts to support how and why the information in his Equifax consumer report is inaccurate in such a way, and to such an extent, that it can be expected to have an adverse effect, and how his alleged injuries are causally connected to the defendant's actions.

An appropriate Order follows, which provides further instruction as to amendment.

**BY THE COURT:**

*/s/ R. Barclay Surrick*
**R. BARCLAY SURRICK, J.**

---

reinvestigation" by mail, or other means of notification that was approved by the consumer.  *See* 16 U.S.C. § 1681i(a)(6).  It is not clear that Equifax failed to timely respond since it appears that Frazier initiated this action before the end of the 5-day period contemplated by § 1681i(a)(6).  Furthermore, as discussed above, the Court reiterates that a bare procedural violation, divorced from any concrete harm, does not satisfy the injury-in-fact requirement of Article III.